UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**LORETTA LYNUM,**

    **Plaintiff,**

    v.                                       Case No. 2:15-cv-2389
                                                                JUDGE SMITH
                                                                 Magistrate Judge Jolson

**THE CITY OF ZANESVILLE, OHIO,** *et al.***,**

    **Defendants.**

## OPINION AND ORDER

This matter is before the Court upon the Motion for Judgment on the Pleadings (Doc. 30) of Defendant, the City of Zanesville, Ohio ("Zanesville"). Plaintiff, Loretta Lynum ("Plaintiff") has not opposed or otherwise responded to the Motion. Likewise, Defendant did not reply in support of its motion. The Motion is now ripe for review. For the following reasons, the Court **GRANTS** Defendant's Motion for Judgment on the Pleadings.

### I. BACKGROUND

The following factual allegations are taken from Plaintiff's Amended Complaint.

This case arises out of Plaintiff's interaction with Zanesville police officers on January 30, 2015. Plaintiff alleges that while driving late at night, a Zanesville Police Department vehicle pulled behind her with its lights on. Plaintiff panicked and drove to her sister's house where she attempted to alert her sister by revving her engine. The police officers then approached her car and beat on the window until it shattered. Plaintiff then alleges that one of the police officers struck her in the head before pulling her out of the car and handcuffing her.

Plaintiff then alleges the officers placed her face down in the snow and on top of the broken glass from her windshield. The officers then kicked Plaintiff and swung her into a police car.

Plaintiff filed this suit against the City of Zanesville and five individual officers. Plaintiff alleges that she has recurring headaches as a result of the incident, that she was never read her *Miranda* rights, and that the officers failed to take her to the hospital when she needed medical attention.

## II. STANDARD OF REVIEW

Plaintiff brings this motion pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Rule 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." The standard of review for a motion for judgment on the pleadings under Rule 12(c) is the same as that used to address a motion to dismiss under Rule 12(b)(6). *Id*.; *Lindsay v. Yates*, 498 F.3d 434, 438 (6th Cir. 2007).

Rule 12(b)(6) permits dismissal of a lawsuit for "failure to state a claim upon which relief can be granted." To meet this standard, a party must allege sufficient facts to state a claim that is "plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). A pleading will satisfy this plausibility standard if it contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In considering whether a complaint fails to state a claim upon which relief can be granted, the Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Ohio Police & Fire Pension Fund v. Standard & Poor's Fin. Servs. LLC*, 700 F.3d 829, 835 (6th Cir. 2012) (quoting *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007)). However, "the tenet that a court must accept a complaint's allegations as true is inapplicable to

threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 663. Thus, while a court is to afford plaintiff every inference, the pleading must still contain facts sufficient to "provide a plausible basis for the claims in the complaint"; a recitation of facts intimating the "mere possibility of misconduct" will not suffice. *Flex Homes, Inc. v. Ritz-Craft Corp of Mich., Inc.*, 491 F. App'x 628, 632 (6th Cir. 2012); *Iqbal*, 556 U.S. at 679.

In sum, "[f]or purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007) (quoting *S. Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 479 F.2d 478, 480 (6th Cir. 1973)).

Last, Plaintiff is proceeding in this action *pro se*. When considering Defendant's Motion for Judgment on the Pleadings the Court is mindful of the following:

> Although "allegations of a complaint drafted by a *pro se* litigant are held to less stringent standards than formal pleadings drafted by lawyers in the sense that a *pro se* complaint will be liberally construed in determining whether it fails to state a claim upon which relief can be granted," *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), federal courts "have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." *McNeil v. United States*, 508 U.S. 106, 113 (1993).

*Branham v. Micro Comput. Analysts*, 350 F. App'x 35, 38 (6th Cir. 2009).

### III.   DISCUSSION

Zanesville argues that even a broad reading of the allegations in the Complaint provides no basis for relief against Zanesville because there are no allegations that would support a *Monell* claim and *respondeat superior* liability is not applicable to 42 U.S.C. § 1983 claims. Additionally, Defendant asserts there is no federal question jurisdiction established by Plaintiff.

3

At the outset, although there are no statutes or causes of action present in the Complaint, the Court agrees with Zanesville that it appears Plaintiff is setting forth claims under 42 U.S.C. § 1983.  Prior to the Supreme Court's decision in *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658 (1978), local government units were not held liable under § 1983 for deprivations of individuals' federal rights.  But, the *Monell* decision made clear that local government units could be held liable for § 1983 claims and that "§ 1983 did not support *respondeat superior* liability, reasoning that 'Congress did not intend municipalities [and other local government units] to be held liable unless action pursuant to official municipal policy of some nature caused a constitutional tort.'"  *Moldowan v. City of Warren*, 578 F.3d 351, 394 (6th Cir. 2009) (quoting *Monell*, 436 U.S. at 691).  As a local government unity, Zanesville cannot be liable under a *respondeat superior* theory, but may be liable if Zanesville's failure to train or supervise caused a constitutional injury.

In order to properly plead a *Monell* claim, a plaintiff must plead "(1) the training or supervision was inadequate for the tasks performed; (2) the inadequacy was the result of the municipality's deliberate indifference; and (3) the inadequacy was closely related to or actually caused the injury." *Regets v. City of Plymouth*, 568 F. App'x 380, 394 (6th Cir. 2014) (quoting *Ellis ex rel. Pendergrass v. Cleveland Mun. Sch. Dist.*, 455 F.3d 690, 700 (6th Cir. 2006)).  "The inadequacy of police training may serve as the basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989).

Even an overly broad reading of Plaintiff's Complaint does not provide any basis for a *Monell* claim against Zanesville.  As Zanesville notes, the only reference to the City of Zanesville in either the Complaint or the Amended Complaint is, "I want the court to make the

4

city of Zanesville pay for what happen[ed] to me . . . ."  (Doc. 3, Compl. at 7).  Accordingly, the Court cannot find that Plaintiff has made any cognizable claim against Zanesville based on the allegations in the Complaint or the Amended Complaint.  Zanesville's Motion for Judgment on the Pleadings is **GRANTED**.

The Court need not determine whether Plaintiff has properly set forth a basis for subject matter jurisdiction over Zanesville.  Additionally, although Zanesville asks this Court to decide whether the Zanesville Police Department ("ZPD") is *sui juris*, the Court finds that the ZPD is not a party before this Court because the ZPD is not an entity capable of being sued.  *See Tysinger v. Police Dep't of Zanesville*, 463 F.3d 569, 572 (6th Cir. 2006) ("We note at the outset that the named defendant in this action, the Police Department of the City of Zanesville, is not a juridical entity subject to suit under Ohio law.")

## IV.    CONCLUSION

Based on the foregoing, Defendant's Motion for Judgment on the Pleadings is **GRANTED**.  The Clerk shall **REMOVE** Document 30 from the Court's pending motions list.

**IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　　　　 __/s/ George C. Smith_____
　　　　　　　　　　　　　　　　　　　　 **GEORGE C. SMITH, JUDGE**
　　　　　　　　　　　　　　　　　　　　 **UNITED STATES DISTRICT COURT**