**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**LORETTA VICTORIA LYNUM,**

      **Plaintiff,**

    **v.**
                            **Civil Action 2:15-cv-2389**
                            **Judge George C. Smith**
                            **Magistrate Judge Jolson**

**THE CITY OF ZANESVILLE, et al.,**

      **Defendants.**

**OPINION AND ORDER**

Defendants' Motions to Compel (Docs. 40, 53) are **GRANTED** in accordance with this Opinion and Order.

**I.  BACKGROUND**

According to the amended complaint, Plaintiff was driving in Zanesville, Ohio on January 30, 2015, when she saw a Zanesville Police Department vehicle behind her with its lights flashing.  (Doc. 5 at 1).  Plaintiff panicked and drove to her sister's house, where she alleges that five officers broke open her car window, punched her in the head, threw her on the ground, and kicked her in her thighs and stomach. (*See id.* at 1–2).  Based on these allegations, Plaintiff brought suit without the assistance of counsel on June 25, 2015, against the City of Zanesville and five individual police offers.  (*See* Doc. 5).  Since then, her claims against the City of Zanesville have been dismissed (Doc. 43), she has retained counsel (Doc. 47), and the remaining Defendants have moved for summary judgment (Doc. 54).

At issue currently are Defendants' Motions to Compel (Docs. 40, 53).  In their first Motion, Defendants seek to compel Plaintiff to answer their request for all medical records of

Plaintiff's treatment at "Six County, Inc.," "Muskingum Valley Health Center," and "Genesis Health Care System." (Doc. 40-1 at 2). Although Plaintiff has retained counsel since this Motion was filed and counsel have attempted to resolve this matter, Defendants filed their Supplemental Motion to Compel on June 24, 2016. (Doc. 53). The Supplemental Motion seeks to overcome Plaintiff's relevance objection to a number of Defendants' discovery requests relating to Plaintiff's treatment at Appalachian Behavioral Healthcare, Genesis Healthcare System, and Guernsey Counseling Center. (*Id.* at 3–4).

The parties came before the undersigned for a status conference regarding the Motions on July 15, 2016. (Doc. 63). Plaintiff's counsel contended that some of the medical records responsive to Defendants' discovery requests are too old to be relevant in this case. The Court directed Plaintiff to submit the contested documents for *in camera* review (*id.* at 2), and Plaintiff did so on July 22, 25, and 27, 2016.

## II.  STANDARD

According to Rule 26(b), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1). Should a party's responses to discovery be evasive or incomplete, the party will be treated as though it failed to respond. *See* Fed. R. Civ. P. 37(a)(4). The party seeking an order compelling discovery must certify that it made a good faith effort to resolve the discovery dispute before seeking the court's assistance. Fed. R. Civ. P. 37(a)(1); S.D. Ohio Civ. R. 37.1. That standard has been met here.

## III.  DISCUSSION

The Court has reviewed the documents submitted for *in camera* review and finds that, despite Plaintiff's objections, they are discoverable.[1]  More specifically, the documents, which relate almost exclusively to Plaintiff's mental health, are relevant to both a claim and a defense and are proportional to the needs of the case.  Plaintiff claims, *inter alia*, the police officers' alleged actions resulted in psychological injuries.  (*See* Doc. 5 at 2; Doc. 32 at 4 (claiming fear and sleeplessness)).  Plaintiff acknowledges that she suffered from a history of mental illness, and there is some dispute as to whether that mental illness precipitated the events on January 30, 2015.  (*See* Doc. 5 at 2).  Further, Defendants argue that Plaintiff's injuries are *de minimis* and question whether she will be unable to demonstrate proximate cause "given [her] extensive pre-incident treatment history…."  (Doc. 54 at 22, 24).  Consequently, this Court finds that this is not a case involving garden variety damages for emotional distress; rather, Plaintiff's mental health history and thus her mental health records are central to the resolution of this dispute.

Based upon the foregoing, the issue is not whether the documents are discoverable, but how and when.  There can be no question that "privacy concerns . . . necessarily exist when medical and mental health records are produced in discovery."  *Stewart v. Orion Fed. Credit Union*, 285 F.R.D. 400, 402 (W.D. Tenn. Sept. 26, 2012); *see also Waite, Schneider, Bayless & Chesley Co. L.P.A.*, No. 1:11-cv-0851, 2012 WL 3600106, at *4 (S.D. Ohio Aug. 21, 2012) ("Private documents collected during discovery are not judicial records, and … private litigants have protectable privacy interests in confidential information contained in such documents." (citations omitted)).  Courts may ameliorate those concerns by granting a motion to compel

---

[1] There is one exception to this finding.  The treatment records from Genesis Healthcare submitted for *in camera* review on July 22, 2016, contain a two-page record of a routine gynecological examination at pages 152–53.  Because this record is not relevant to the claims at issue, Defendants are therefore not entitled to it in discovery.

subject to an attorneys' and experts' eyes only protective order. *See id*.; *see also E3 Biofuels, LLC v. Biothane Corp.*, No. 1:12-mc-76, 2013 WL 3778804, at \*3 (S.D. Ohio July 18, 2013) (noting that the "Court has routinely approved" such protective orders seeking to protect confidential material when "particularly sensitive information" may be disclosed through discovery). Whether to allow such a protective order is within the Court's discretion. *See, e.g., Waite, Schneider, Bayless & Chesley Co.*, 2012 WL 3600106, at \*5 (observing that "the entry of a protective order to maintain the secrecy of confidential" information "is generally an accepted use of the Court's discretion").

In addition, there are concerns about requiring disclosure of the sensitive mental health information at this stage of the litigation, while a motion for summary judgment remains pending. (Doc. 54). Given the procedural posture of this case, the mental health records become relevant only if the Court determines that a genuine issue of material fact precludes summary judgment. Thus, the Court must consider whether to order production of the documents now, or after an order denying the motion for summary judgment, should that occur. Finally, there is also a pending motion to amend the complaint that, if granted, would necessitate the production of the mental health records. (Doc. 64).

Having contemplated each of these concerns, the Court will grant the Motions to Compel subject to an attorneys' and experts' eyes only protective order. The parties shall confer on the terms of such an order and shall submit a joint proposed protective order to this Court for approval within seven days of this Opinion and Order. Thereafter, counsel shall meet and confer on specific documents that Defendants intend to use at trial, and may seek judicial intervention if they are unable to reach an agreement with respect to particular records. Upon the Court's approval of the protective order, Plaintiff shall produce the documents at issue to Defendants within seven days. Further, this Opinion and Order and the protective order shall apply to the

production of any additional treatment records Plaintiff obtains that are responsive to Defendants' discovery requests.

Finally, the Court denies Defendants' request for expenses and attorney's fees associated with their Motions. (Doc. 40 at 4). On her own and after having obtained counsel, Plaintiff has attempted to comply with the Rules that govern discovery worked in good faith to resolve the dispute. Thus, such an award under these circumstances would be unjust. *See Spizizen v. Nat'l City Corp.*, 516 F. App'x 426, 431 (6th Cir. 2013) ("Under Rule 37, however, the judge retains discretion in awarding sanctions, and it does not automatically require the awarding of sanctions when granting a motion to compel if there are 'circumstances [that] make an award of expenses unjust' . . . .").

## IV.   CONCLUSION

For the reasons stated, the Motions to Compel (Docs. 40, 53) are **GRANTED** subject to an attorneys' and experts' eyes only protective order. The parties shall confer on the terms of such an order and shall submit a joint proposed protective order to this Court for approval within seven days. Upon the Court's approval of the protective order, Plaintiff shall produce the documents at issue to Defendants within seven days. Finally, Defendants' request for expenses and attorney's fees associated with their Motions is **DENIED**.

### Procedure on Objections

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); Eastern Division Order No. 14-01, pt. IV(C)(3)(a). The motion must specifically designate the Order or part in question and the basis for any objection. Responses to objections are due fourteen days after objections are filed and replies by the objecting party are

due seven days after.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This Order is in full force and effect even if a motion for reconsideration has been filed unless it is stayed by either the Magistrate Judge or District Judge.  S.D. Ohio Civ. R. 72.3.

IT IS SO ORDERED.


Date:  August 23, 2016                                        /s/ Kimberly A. Jolson
                                                             KIMBERLY A. JOLSON
                                                             UNITED STATES MAGISTRATE JUDGE